UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 13-01883-CJC(DFMx)　　　　　　　　　　　Date: December 9, 2013

Title: <u>AVALONBAY COMMUNITIES, INC. V. ARDALAN DALIRI, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>　　　　　　　　　　　<u>　N/A　</u>
Deputy Clerk　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

None Present　　　　　　　　　　　　None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT**

　　　Plaintiff AvalonBay Communities, Inc. ("AvalonBay") filed this unlawful detainer action against Defendants Ardalan Daliri and Parviz Arefian (together, "Defendants") in Orange County Superior Court on October 21, 2013, related to the property at 16899 Jamboree Road #437, Irvine, California. (Dkt. No. 1 [Notice of Removal] Ex. A.) On November 19, 2013, Mr. Arefian answered the Complaint. (Notice of Removal Ex. B.) On December 2, 2013, Mr. Arefian removed the unlawful detainer action to federal court based on federal question jurisdiction, 28 U.S.C. § 1331, and the civil rights removal statute, 28 U.S.C. § 1443. (Notice of Removal.)

　　　The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court may exercise original jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Cases may also be removed to federal court if they are civil rights cases within the meaning of 28 U.S.C. § 1443. If it appears that the district court lacks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01883-CJC(DFMx)            Date: December 9, 2013
                                                                                                     Page 2

---

subject matter jurisdiction at any time prior to the entry of final judgment, the Court must remand the action to state court. 28 U.S.C. § 1447(c).

      This case appears to be a straightforward action for unlawful detainer, a state-law claim, brought against a California resident. Mr. Arefian, in the Notice of Removal, alleges the existence of a federal question because he alleges "violations of federal laws re fair housing, retaliatory evictions, and related racial discrimination." (Notice of Removal at 10.) However, a cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), and there are no federal questions on the face of AvalonBay's well-pleaded complaint. (*See* Notice of Removal Ex. A.) Moreover, federal questions raised in defense do not give rise to federal jurisdiction. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) ("[O]riginal jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law."). Thus, there is no federal question jurisdiction.

      Mr. Arefian additionally asserts that the California state court deprived him of his due process and equal protection rights under the Fourteenth Amendment and that he is therefore entitled to remove the unlawful detainer action to federal court pursuant to 28 U.S.C. § 1443. (*See* Notice of Removal at 11.) Section 1443 provides that a civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court. 28 U.S.C. § 1443(a). However, Mr. Arefian makes only conclusory allegations of wrongful behavior by AvalonBay and the state court, without alleging any specific facts showing that he has been deprived of his constitutional rights. He alleges that AvalonBay "committed fraud by bringing federal issues of fair housing and urban development issues to the Orange Superior Court under the scheme of an unlawful detainer, hiding in sheep [*sic*] clothing the true federal fair housing and retaliatory discrimination issues, and civil rights discrimination." (Notice of Removal at 7.) He further alleges that he "cannot be heard as a minority" and that the state court "ignores him, refuses to accept his requests for equitable relief," and "rubber stamp[s] all non-judicial foreclosures and summary evictions." (*Id.*) But Mr. Arefian has not provided any specifics about how he was "ignored" due to his minority status. Thus, he has not met his burden of establishing that removal is warranted under § 1443.

//

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01883-CJC(DFMx)          Date: December 9, 2013
                                                                                                                                  Page 3

---

       For the foregoing reasons, the Court, on its own motion, hereby **REMANDS** this action to state court.

jcm

MINUTES FORM 11
CIVIL-GEN                                                               Initials of Deputy Clerk <u>enm</u>